ORDER
This case comes before the court on the mandate of the Supreme Court and on motions by the plaintiff and the defendant for additional findings of fact.
*626 It appears that on November 4, 1935, the Court of Claims filed special findings of fact with an opinion holding that the patent in suit is valid and has been infringed by the Government and that the plaintiff is entitled to recover. Thereafter, on January 24, 1936, the court filed an amended; conclusion of law, holding that “plaintiff’s patent is valid and has been infringed by the United States and that he is entitled to compensation therefor under the act of June 25, 1910, 36 Stat. 851, as amended by the act of July 1, 1918, 40 Stat. 105, and Section 155 of the Judicial Code.”
On December 7, 1936, the Supreme Court of the United States filed its opinion in the case, the mandate of said court stating that the case was being remanded “for such proceedings in harmony with the opinion of this Court as the Court of Claims may determine, and with instructions that it specifically find whether plaintiff’s patent in suit was valid, and, if found valid, whether it was infringed by the defendant.”
Thereafter, on January 22, 1937, the plaintiff filed his motion for additional findings, and on March 2, 1937, the defendant filed its motion for additional findings. On consideration thereof:
It is ordeRed this 5th day of April 1937 that the plaintiff’s said motion for additional findings be and the same is allowed in part and overruled in part, and that the defendant’s said motion for additional findings be and the same is overruled.
It is euRtiier ordered that the special findings of fact filed in this case November 4, 1935, be and the same are this day amended by adding thereto findings XLYIII and XLIX, reading as follows,:
XLYIII. Claims 2, 5, 6, 7, 8, and 9 of the Esnault-Pelterie patent in suit are valid.
XLIX. The three alleged infringing airplanes of the defendant all possess the single vertical lever movable in every direction for controlling the lateral or longitudinal equilibrium of the airplane, connected to equivalent controlling surfaces having the same functional effects as those disclosed in the patent.
Claims 2, 5, 6, 7, 8, and 9 of the Esnault-Pelterie patent in suit are infringed by defendant.
*627 Tbe interlocutory judgment heretofore entered herein January 24, 1936, having been vacated by the Supreme Court December 7, 1936, the court now files a new interlocutory judgment reading as follows:
Upon the foregoing special findings of fact, which are made a part of the judgment herein, the court decides as a conclusion of law that the plaintiff’s patent is valid and has been infringed by the United States, and that he is entitled to compensation therefor under the act of June 25, 1910, 36 Stat. 851, as amended by the act of July 1, 1918, 40 Stat. 705, and Section 155 of the Judicial Code.
The former findings as herein amended together with the opinion of the court heretofore announced will stand.
By the Cotjet.